IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE PRICE,

   Plaintiff,

  v.

GONZALES, et al.,

   Defendants.

No.  2:25-CV-3595-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff filed this action against the following defendants: (1) Ms. Gonzales, prison staff at High Desert State Prison (HDSP); (2) M. Lo, prison staff at HDSP; (3) Ms. Z, prison staff at HDSP; and (4) Moss, prison staff at HDSP.  See ECF No. 1, pg. 3.  Plaintiff also lists the names of 97 other prison personnel as additional defendants.  See id. at 2.

In Plaintiff's first claim, Plaintiff alleges cruel and unusual punishment and harassment by prison staff.  See id. at 24. On August 28, 2025, Plaintiff claims he was transported to HDSP and during this transportation he suffered extreme pain from being subject to "torture by low-frequency sound."  See id.

Next, Plaintiff claims that on September 1, 2025, he was in line to get his medication.  See id. at 24.  Plaintiff states that while in line he started looking at the canteen window when one prison guard told him multiple times to "get off the window."  See id. Plaintiff maintains he complied and started talking to that prison guard, while leaning forward to see his name.  See id. at 23.  Plaintiff states two other prison guards, T. St. Andre and Villa Gomez, approached him and stood on each side of Plaintiff, trying to intimidate him.  See id.  Plaintiff asserts that Sgt. Moss approached him as well.  See id.  Plaintiff maintains that he complied with every order, but Sgt. Moss handcuffed him and told him, "You are not going to come here and act

like a tough guy." See id. Plaintiff alleges that Sgt. Moss acted this way to show other prison guards how to behave properly toward Black inmates. See id. Plaintiff states that Sgt. Moss instructed T. St. Andre to leave handcuffs on "for a while" and Plaintiff was placed into a holding cell while in handcuffs. See id. Plaintiff asserts that the handcuffs were removed fifteen minutes later and that he did not receive his medication that night. See id. Plaintiff claims it was a cruel and unusual punishment. See id.

Next, Plaintiff claims that on September 18, 2025, prison guard Schuster ordered Plaintiff to tuck in his shirt. See id. at 23. Plaintiff claims that, after complying, he stepped away into the square behind the lines on the upper deck and as soon as he did, he got surrounded by seven prison guards, including Schuster. See id. Plaintiff contends that they ordered him "to get off the deck right away" and that it was done to intimidate him because he was a Black male. See id.

Plaintiff alleges that the actions of the following prison staff put him in "imminent danger:" Lanes, Easley, Zam Zamii, Gonzales, Yang, Lee, Chve, Lares, Wesley, Ernest, Endlsey, Ms. Gomaz, Loya, Herman, and King. See id. at 21. Plaintiff states that the prison staff called him names, including "fag, gay, Bi, a child predator." Id. Plaintiff maintains that there is an Audio-Visual surveillance System in the building and that through that system prison staff encouraged other inmates to initiate fights with Plaintiff. See id. Plaintiff states that on September 20, 2025, he got into a fight with other inmates because of the prison staff's actions. See id. Plaintiff claims that the prison officer who broke up the fight, Z. Diaz, ordered Plaintiff to lie on the ground, and intentionally placed handcuffs over the wrist bones to cause Plaintiff severe pain. See id.

Next, Plaintiff alleges that on October 15, 2025, eight inmates attacked him while working in the kitchen. See id. at 22. Plaintiff states that he left the kitchen to go to the bathroom where he saw a piece of paper on fire right underneath the fire alarm. See id. Plaintiff got concerned and informed prison staff Clifford and Webb about this issue. See id. Plaintiff maintains that the inmates became upset about Plaintiff calling the guards, and they attacked him in the kitchen. See id. Plaintiff informed Clifford and Webb about this incident, but they did not

3

do anything to resolve it.  See id.

Next, according to Plaintiff, he was on the way to get his medications on October 16, 2025, when he got stopped by one of the inmates he worked with in the kitchen.  See id. at 22. Plaintiff states this inmate called him "snitch" and that a fight occurred between them and two other inmates while two prison officers, David and Ms. Herman, stood fifteen feet away and did not interfere at first.  See id.  Plaintiff claims that it took the guards "180 seconds" to intervene after Plaintiff was already on the ground.  See id.

Plaintiff next alleges that he was placed in restrictive housing after the fight and prison staff subjected him to constant cold air inside his cell, and that Plaintiff was freezing for almost a month.  See id. at 22.  Plaintiff claims that the prison staff also employed low frequency devices to target Plaintiff's private parts.  See id. at 25.

In Plaintiff's second claim, Plaintiff alleges violations of Due Process and Equal Protection pursuant to the Fifth and Fourteenth Amendments, resulting from the denial of his grievance by D. Stalter and C. Weeks.  See id. at 42.  Plaintiff claims that he filed the grievance because his work hours as kitchen staff were reduced by prison personnel Chandler without a valid reason.  See id.  Plaintiff maintains that other inmates received better positions and pay without any experience working in the kitchen.  See id.  Plaintiff states that other inmates in the same kitchen position as him also received higher pay.  See id.  Plaintiff asserts that his grievance was denied due to D. Stalter and C. Weeks being friends with prison personnel, even though the denial was claimed to be due to Plaintiff's violent behavior.  See id.  Plaintiff contends he experienced unfair and unequal treatment because he is Black.  See id.

In his third claim, Plaintiff alleges he was denied Due Process when he was charged with two incidents that occurred in Wasco State Prison, following which Plaintiff was transferred to High Dessert State Prison.  See id. at 49.  Plaintiff claims that correctional counselor, L. Gervasoni, charged him with these two incidents without providing him with a chance to explain what happened or any opportunity to call his witnesses.  See id.  Plaintiff asserts that lead to the incorrect alteration of the points in his "Initial Classification Scoresheet" and incorrect placement in Level 4 rather than Level 2 or 3.  See id.  Plaintiff maintains he was

4

also incorrectly charged restitution fines.  See id.

## II.  DISCUSSION

The Court finds Plaintiff's claims are not cognizable as currently pled because Plaintiff does not include sufficient specific facts to establish a causal link between the conduct of any named defendant and a constitutional violation.  Plaintiff will be provided with the option of filing a first amended complaint addressing the defects outlined in this order.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff alleges that Defendant Moss ordered other guards to confine him, that Plaintiff was placed in the holding cell with the handcuffs on for at least fifteen minutes, and that he did not receive his medication that night.  See ECF No 1, pg. 24.  Plaintiff claims it was a cruel and unusual punishment.  See id.  Plaintiff fails to establish a causal link because Plaintiff does not allege a specific constitutional injury resulting from the challenged conduct.  Absent showing that Defendant's Moss actions caused a sufficiently serious deprivation under the Eighth Amendment, the claim fails.  Similarly, Plaintiff alleges that Defendants David and Herman took 180 seconds to intervene and break up the fight between Plaintiff and other inmates.  See id. at 22.  Once again, Plaintiff fails to establish a specific constitutional injury resulting from the challenged conduct.  Plaintiff will be provided leave to amend to cure these deficiencies.

5

Plaintiff asserts that his grievance was denied by Defendants Stalter and Weeks due to the fact that they were friends with prison personnel, even though the denial was claimed to be due to Plaintiff's violent behavior. See id. at 42. Plaintiff contends he experienced unfair and unequal treatment because he is Black. See id. Plaintiff fails to allege facts establishing a causal connection between Defendants' conduct and the alleged adverse action because the complaint does not plausibly demonstrate that the denial of his grievance was motivated by racial animus. The assertion that they denied grievance due to personal friendship with prison personnel is conclusory and does not establish that such relationship was a moving force for the denial. Plaintiff will be provided leave to amend to provide supporting facts to amend the deficiencies.

Additionally, Plaintiff must show that each Defendant personally participated in the constitutional violation. Plaintiff alleges that the actions of the following prison staff put him in "imminent danger:" Lanes, Easley, Zam Zamii, Gonzales, Yang, Lee, Chve, Lares, Wesley, Ernest, Endlsey, Ms. Gomaz, Loya, Herman, and King. See id. pg. 21. The complaint is deficient as to these Defendants because Plaintiff does not allege specific facts to establish any connection between these individuals and a violation of Plaintiff's Eighth Amendment right. Furthermore, Plaintiff fails to establish a causal connection between the rest of the named Defendants and the alleged constitutional violations because Plaintiff does not identify any specific acts or omissions attributable to them. Similarly, Plaintiff claims that he was subjected to constant cold air inside his cell, or that prison personnel encouraged other inmates to start fights with Plaintiff, but Plaintiff does not set forth any facts linking these allegations to any named defendant. Further, Plaintiff references T. St. Andre, Shuster, Clifford, Webb, Chandler, and L. Gervasoni in the complaint who are not named as defendants. A person is not considered a party to the lawsuit unless they are officially named as a defendant or otherwise clearly identified as a defendant. Plaintiff will be given an opportunity to amend the complaint to explain how these Defendants adversely affected Plaintiff or otherwise deprived Plaintiff of a constitutional or statutory right.

///

6

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

///

///

///

///

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.


Dated:  April 20, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8